Ronald A. Offret
#7410096
AGLIETTI, OFFRET & WOOFTER
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Phone: (907) 279-8657
Fax:    (907) 279-5534
Attorney for Ronald H. Fraze

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br>RONALD H. FRAZE<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. A05-0089 CR (RRB) |

## SENTENCING MEMORANDUM
## DEFENDANT RONALD H. FRAZE

Defendant **RONALD H. FRAZE** entered a plea of *guilty* on August 8, 2006 to a charge of Misprison of Felony in violation of 18 USC §4, a Class E felony.

Sentencing is set for October 18, 2006 at 1:30 p.m.

Defendant Fraze, through counsel, files this Sentencing Memorandum for purposes of assisting this Court in arriving at a sentence that is just and fair.

**No Plea Agreement**. There is no plea agreement with the United States of America. On August 8, 2006, Defendant plead *guilty* to Count I of a newly filed **Information** charging him with misprision of felony. The only agreement on this plea was as to a "loss" calculation of between $702,000 to $900,000.00.

**Defendant should be sentenced to Probation.** Defendant believes his sentence should be as follows:

| | | |
|---|---|---|
| Base Offense Level | (PSR ¶ 43) | 8 |
| Acceptance of Responsibility | (PSR ¶ 51) | -2 |
| Adjustment for Role in Offense | (PSR ¶ 45)[1] | -2 |
| Total Offense Level | | 4 |
| Criminal History Category 1 -- | Sentencing range would be 0-6 months[2] | |

**Pre-sentence Report:**

The facts of this case as set out in the Presentence Report point out that Defendant Fraze and a partner, Robert Lervaag[3], were the owners of Chugach Diversified Investments, Inc. (CDII), a wholly owned subsidiary of Chugach Alaska Corporation, an Alaska Native Regional Corporation. Prior to that, Fraze and Lervaag participated in a human resource company called North Employment which did same kind of work as CDII and ultimately was the reason for the creation of CDII.

The Presentence Report, ¶¶9-14 sets out Defendant Fraze's knowledge and participation in the business. Defendant Fraze worked in Human Resources placement hiring people, placing them in available jobs, whereas partner Lervaag handled the finances and accounting.

Even though Defendant Fraze indicated in his statements and depositions in the civil lawsuits that he knew what his partner was doing, he did not know the details of what was going on and only thought he was being loyal to his partner. Throughout those civil cases he continued to support his partner Lervaag by indicating that he was a part of the scheme. However, to this day, if you ask Defendant Fraze how the deception occurred, he would be hard pressed to provide any explanation as to how the scheme was orchestrated.

This is the reason why Defendant Fraze is charged with misprision of Felony under 18 USC §4. That offense is described as follows:

---

[1] Defendant disagrees with the PSR wherein the Probation Office does not give a downward adjustment for Defendant's role in this offense. *See* explanation set forth later herein.

[2] The sentencing range of 0-6 months turns out the same whether Defendant is given a reduction for acceptance of responsibility.

[3] Robert Lervaag is a co-Defendant in this same case who has already entered a guilty plea.

> Whoever, having knowledge of the actual commission of a felony cognizable by a Court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority in the United States, shall be fined under this Title or imprisoned not more than 3 years or both.

Defendant Fraze can state that he knew something was wrong and was under an obligation to report that to a judicial authority. However, his participation in the actual embezzlement of funds was non-existent. He was the beneficiary of the embezzlement and should have known, but Defendant Fraze was only a recipient, not a participant.

For this reason, this Sentencing Memorandum suggests that Defendant Fraze should be considered a minimal participant who played a minor role in the offense. This is the reason why he is charged with *misprision of felony*.

However, whether Defendant Fraze does or does not receive a downward reduction for his role in the offense makes little, if any difference, because the base offense level, whether Defendant Fraze is given credit or not as a minor participant, puts him in a sentencing range of 0 – 6 months.

## **Other Mitigating Factors:**

Since *Booker*, the Supreme Court has stated the other factors set forth in 18 USC §3555(a) must be considered in fashioning an appropriate sentence, reminding us that sentencing guidelines are but one of many statutory concerns Federal Courts must take into account during sentencing determinations.

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater that necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) state that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Because the guidelines are not binding, "courts need not justify a sentence outside of them by citing factors that take the case outside the "heartland"", *U.S. v. Ranum,* 353 F.Supp 2d, 984, 987 (E.D. Wis. 2005).

a.) **Older defendant, lower recidivism:**

Defendant Fraze is 70 years old, and presents a low rate of recidivism. Defendants over the age of 40 exhibit markedly lower rates of recidivism in comparison with younger defendants. Recidivism for defendants over the ages of 50 is 6.2%, whereas for younger defendants it is much higher.[4] See *U.S. v. Carmona-Rodriquez*, 2005 WL 840464, 2005 U.S.Dist. LEXIS 6254, (S.D.N.Y. April 11, 2005); See also *Simon v. U.S.*, 361 F.Supp.2d 35 (E.D.N.Y. 2005).

It is beyond belief that Defendant Fraze would ever commit another crime in his lifetime.

b.) **Hard worker:**

Defendant Fraze has always been a hard working individual. As stated in the Presentence Report, Defendant is a highly qualified professional in the Human Relations area. A sentence of probation may allow him to continue working in this area.

A defendant's employment history is one factor that can be used to warrant a lower sentence. See *U.S. v. Thompson*, 74 F.Supp.2d 69 (D. Ct. Mass 1999); 234 F.3d 74 (1st Cir. 2000); *U.S. v. Jones*, 158 F.3d 493 (10th Cir. 1998).

If sentenced to Probation, it is hoped that Defendant Fraze will be able to continue in the human resource business and continue to make money, most of which will go to pay back the victim; i.e., Chugach Native Corporation. This is one reason why the Court should consider straight and limited probation for Defendant Fraze so he can continue to work, which benefits the victim of this crime.

c.) **Family responsibilities:**

Defendant's family responsibilities warrant some consideration regarding his sentence. Defendant's wife is Sandra Fraze. Their children are \grown and gone. At present, however, Mrs. Fraze suffers from heart afibrilation. (PSR ¶68).

In this instance it is appropriate for the Court to give some consideration to a reduced sentence so Defendant can be available to help care for his wife and her heart condition. This is an acceptable reason for a lower sentence. See *U.S. v. Leon*, 341 F.3d 928 (9th Cir. 2003); *U.S. v. Aguirre*, 214 F.3d 1122 (9th Cir. 2000).

---

[4] *See Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at p. 28 (2004) www.ussc.gov/publicat/recividism_General.PDF

d.) **Health Concerns:**

Defendant Fraze is 70 years old. In March, 1985, he was admitted to Providence Hospital with a heart attack. Three days later, while being prepped for heart surgery, he suffered a second heart attack. He was operated on for quadruple bypass. During the surgery it was discovered that the bottom part of his heart had been damaged. A few weeks after surgery he was discharged and sent home, but rushed back to Providence that same evening with a blood clot on his lungs.

Over the next year, Defendant Fraze was in and out of the hospital for treatment of hiatal hernia, pancreatitis, and a torn ligament in his leg which put him on crutches for a month.

In early 1990, Defendant Fraze had surgery to remove his gall bladder.

In December, 2005, Defendant Fraze went to the Providence Emergency Room suffering from extremely high blood pressure. Upon examination, his cardiologist, Dr. Richard Anschultz indicated that Defendant Fraze was ready to have another heart attack at any time and prepared for immediate surgery. Within 2-3 weeks following heart surgery, there were 2 more operations for afibrilation, called "ablations", to correct the problem with the irregular beating of his heart. These surgeries did not resolve the problem and in January, 2006, Defendant Fraze was taken back to Providence Hospital because his heart rate was in the range of 145-150. The problem continued to be the irregular heartbeat from afibrilation. A surgical procedure called "ablation"[5] was again performed which ultimately corrected the problem. However, due to the critical nature of the surgery and heart problems over the years, Defendant Fraze's heart condition is monitored constantly. He is required to take medications on a constant basis, some of which have side effects such as blood thinning.

As a result, imprisonment under these circumstances could be more serious than normal. Additionally, if incarcerated, the Government would be required to cover costs of medical treatment. Straight probation would be the proper sentence in this instance.

---

[5] Ablation involves destroying the electrical impulses of the tissue in the upper heart chamber which keeps that heart chamber contracting.

Case No. A05-0089 CR (RRB)
Sentencing Memorandum (Defendant Fraze)
Page 5 of 6

**Conclusion**

Defendant Fraze should be sentenced under Criminal History Category 1 at a Base Offense Level of 4. Defendant Fraze should be given straight probation for a limited period.

RESPECTFULLY SUBMITTED this 10th day of October, 2006, at Anchorage, Alaska.

AGLIETTI, OFFRET & WOOFTER
Attorneys for Defendant Ronald H. Fraze

Ronald A. Offret #7410096
AGLIETTI, OFFRET & WOOFTER
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Phone: (907) 279-8657
Fax:    (907) 279-5534

Certification
I certify that on 10/10/2006
A copy of the foregoing document
Was served electronically on:

Karen L. Loeffler
Assistant U.S. Attorney
U.S. Attorney's Office
222 W. 7th Avenue #9 Rm. 253
Anchorage AK 99513-7567

Pamela Shaw
U.S. Probation / Pretrial Services Office
222 W. 7th Avenue #48, Room 168
Anchorage AK 99513-7562

Sue Ellen Tatter
Assistant Federal Defender
601 W. 5th Avenue #800
Anchorage AK 99501

Ronald A. Offret

Case No. A05-0089 CR (RRB)
Sentencing Memorandum (Defendant Fraze)
Page 6 of 6